UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DRILLING CONSULTANTS, INC.,
WILLIAM B. ZIEGLER, WILLIAM C.
ZIEGLER, and SONYA P. ZIEGLER,

    Plaintiffs,

v.                                            CASE NO: 8:10-cv-2873-T-23EAJ

FIRST MONTAUK SECURITIES CORP.,
et al.,

    Defendants.
_____/

**ORDER**

The plaintiffs assert (Doc. 2) several state law claims arising from the defendants' alleged "scheme to sell abusive and illegal tax shelters under the auspices of Section 412(i) of the Internal Revenue Code." The defendant Pacific Life Insurance Company ("Pacific Life") removes (Doc. 1) with the consent of each defendant and sufficiently alleges jurisdiction under 28 U.S.C. § 1332. Pacific Life moves (Doc. 10) to dismiss, and the defendant Donald Haskell moves (Doc. 11) to compel arbitration. In response, the plaintiffs file (Doc. 23) an "agreed"[*] motion to file an amended complaint and respond (Docs. 18, 22) in opposition to the request for arbitration.

In moving to compel arbitration, Haskell argues (1) that the parties agreed in writing (Doc. 11-1) to arbitrate and (2) that Rule 12200 of the Financial Industry Regulatory Authority ("FINRA") requires arbitration. In response, the plaintiffs assert (1) that the 2005 agreement (Doc. 11-1) relied upon by Haskell is inapplicable and

---

[*] The plaintiffs procured the consent of only one defendant, Pacific Life, to the motion.

(2) that Rule 12200 requires arbitration either if the customer requests arbitration or if a written agreement requires arbitration under the FINRA Customer Code.

Rule 12200 of FINRA's Customer Code (Doc. 18-2) requires arbitration of a dispute if (1) either a written agreement requires arbitration or a customer requests arbitration, (2) the dispute "is between a customer and a member or an associated person," and (3) the dispute "arises in connection with the business activities of the member or associated person . . . ." In this instance, the complaint alleges that Haskell first contacted the plaintiffs in 2002 about a Section 412(i) plan and that the plaintiffs (relying on Haskell's advice) in 2003 purchased insurance in connection with executing a Section 412(i). The 2005 agreement upon which Haskell relies pertains to a "Premiere Select SIMPLE IRA Plan." Thus, no written agreement requires arbitration of the claims asserted in this action. Additionally, because the plaintiffs (as the "customer") declined to request arbitration, FINRA's Rule 12200 imposes no arbitration requirement.

Accordingly, Haskell's motion (Doc. 11) to compel arbitration is **DENIED**. The plaintiffs' "agreed" motion (Doc. 23) for leave to file a second amended complaint is **DENIED** for failure to comply with Local Rule 3.01(g).

ORDERED in Tampa, Florida, on February 15, 2011.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE